## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**UMAIR KHUSHNOOD,**

*Plaintiff*,

**v.**

**UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES**, *et al.*,

*Defendants*.

---

**Civil Action No. 21-2166 (FYP)**

## <u>MEMORANDUM OPINION</u>

Plaintiff Umair Khushnood is a citizen of Pakistan and resident of Vancouver, Canada.
*See* ECF No. 1 (Complaint), ¶¶ 2–3.  On January 8, 2020, Plaintiff's employer filed an I-140
form with the United States Citizen and Immigration Services ("USCIS") to initiate the process
of obtaining a worker's visa for Khushnood.  *Id.*, ¶ 12.  The application process, however, has
been stalled for over two years, prompting Khushnood to file this lawsuit to obtain his visa.  He
alleges that the delayed processing of his visa application constitutes a violation of the
Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and the Due Process Clause
of the United States Constitution.  *Id.*, ¶¶ 22–24, 31–32.  Khushnood seeks a writ of mandamus
compelling Defendants to process and approve his visa.  *Id.* at 7.  Defendants now move to
dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See generally*
ECF No. 5 (Defendants' Motion to Dismiss).[1]  The Court agrees that Khushnood fails to state a
claim and will therefore grant Defendants' Motion to Dismiss.

---

[1]      Plaintiff filed an Opposition, *see* ECF No. 7 (Plaintiff's Opposition), and Defendants filed a Reply, *see*
ECF No. 8 (Defendants' Reply).

## BACKGROUND

Khushnood's employer filed a petition with USCIS for Khushnood's I-140 worker's visa on January 8, 2020, after obtaining a required certification from the U.S. Department of Labor.[2] *See* Compl., ¶¶ 12, 15.  USCIS approved Khushnood's petition on February 4, 2020, and sent it to the National Visa Center ("NVC") for further processing.  *Id.*, ¶¶ 17–18.

The NVC forwarded the petition to the U.S. Consulate in Montreal, Canada, which must schedule an interview with Khushnood before his visa petition can be approved.  *Id.*, ¶¶ 18–19. During the pendency of Khushnood's visa petition, the COVID-19 global pandemic "significantly disrupted the State Department's ability to interview applications and issue visas." *See* Def. Mot. at 3.  In March 2020, the State Department suspended visa services around the world.  *Id.*  The agency has since resumed some activities, but the disruption caused by the pandemic has resulted in "substantial backlogs" and "increased wait times for all services."  *Id.* (citing Consular Operations Update, https://ca.usembassy.gov/embassy-consulates/consular-operations/updates); *see also id.* at 4 (noting that before the full onset of the pandemic, the State Department issued 43,136 visas in January 2020; but that the State Department issued only 11,880 visas in January 2021).

Although the U.S. Consulate in Montreal is processing visa petitions based on a tiered immigrant-prioritization system, Khushnood's interview has not yet been scheduled, and his visa therefore cannot be approved.  *See* Compl., ¶ 19; *see* Def. Mot. at 3 (first citing Consular Operations Update, https://ca.usembassy.gov/embassy-consulates/consular-operations-updates/;

---

[2]     To obtain a worker's visa, a sponsoring employer must first apply to the Department of Labor for labor certification approval, attesting to the availability and compensation of the prospective employee's job.  *See* 20 C.F.R. § 656.10.

and then citing https://travel.state.gov/content/travel/en/News/visas-news/immigrant-visa-prioritization.html).  Khushnood contacted the consulate and the NVC multiple times to advance his case but received no response.  *See* Compl., ¶ 20; Pl. Opp. at 3.  Eighteen months after USCIS approved the I-140 form, Khushnood filed the instant Complaint on August 12, 2021. *Id.*, ¶ 17.  He named several U.S. agencies and their heads as Defendants — namely, USCIS, the Department of State, and the U.S. Consulate in Montreal.  *Id.*, ¶¶ 3–8.  Khushnood alleges that Defendants' delay in processing his visa is unreasonable under the APA, *id.*, ¶¶ 21–29, and unconstitutional under the Due Process Clause of the Fifth Amendment, *id.*, ¶¶ 30–34.  As relief, Plaintiff requests that this Court (1) issue a writ of mandamus compelling Defendants to conduct Khushnood's interview, complete processing of his visa petition within 60 days, issue a visa to him, and explain the reason for the delay; and (2) take jurisdiction to adjudicate his petition pursuant to the Court's declaratory-judgment authority.  *Id.* at 7.  Defendants now move to dismiss, arguing that Khushnood has failed to state a cognizable claim under either the APA or the Constitution.  *See* Def. Mot. at 7, 16.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, *id.* at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor, "treat[ing] the complaint's factual allegations as true" and granting the plaintiff "the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations and quotation marks omitted); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although a plaintiff may survive a Rule 12(b)(6) motion even if "recovery is very remote and unlikely," the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## ANALYSIS

Defendants move to dismiss on several grounds.  First, Defendants assert that Khushnood's claims against certain defendants are moot because those defendants cannot provide the relief that he seeks.  *See* Def. Mot. at 5–6.  Second, Defendants contend that Khushnood's APA claim should be dismissed because the delay in adjudicating his visa petition is not unreasonable as a matter of law.  *See* Def. Mot. at 7.  Finally, Defendants argue that Khushnood fails to state a cognizable constitutional claim.  *See* Def. Mot. at 16.  The Court will address each argument in turn.

### A.    Mootness

Defendants argue that the claims against USCIS, USCIS Director Ur Jaddou, and Secretary of State Antony Blinken are moot and should be dismissed.  *See* Def. Mot. at 5–6.  As to the claims against USCIS and USCIS Director Jaddou, Defendants argue that those defendants have already done their part to process Khushnood's visa, and Khushnood therefore cannot

obtain any relief from them. *See* Def. Mot. at 5–6. "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). Here, as Khushnood acknowledges, USCIS and its officials fully processed Khushnood's visa application and forwarded it to the NVC. *See* Compl., ¶ 17; Pl. Mot. at 3. There is nothing more that these defendants can do. As a result, the claims against USCIS and its officials are moot and must be dismissed. *See Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 (E.D.N.Y. 2014).

Defendants also assert that the claim against Secretary of State Antony Blinken is moot because Defendant Blinken cannot adjudicate Khushnood's petition. *See* Def. Mot. at 6. "The Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, grants consular officers 'exclusive authority to review applications for visas, precluding even the Secretary of State from controlling their determinations.'" *See Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021). Because consular officers have exclusive authority to provide the relief that Khushnood seeks, Khushnood's claims against Secretary Blinken are also moot and must be dismissed.

### B.    APA Claim

Defendants next argue that Khushnood has failed to state a cognizable claim under the APA. *See* Def. Mot. at 7 (citing 5 U.S.C. § 706(1)). Khushnood alleges that Defendants' delay in processing his visa violates the APA's requirement that agencies "conclude" matters presented to them "[w]ith due regard for the convenience and necessity of the parties . . . and within a reasonable time." *See* 5 U.S.C. § 555(b); *see* Compl., ¶ 22. When an agency fails to comply with this requirement, the APA authorizes courts to "compel agency action unlawfully withheld

or unreasonably delayed."  *See* 5 U.S.C. § 706(1); *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 93

(D.D.C. 2020).

In *Telecommunications Research and Action Center (TRAC) v. Federal Communications

Commission*, 750 F.2d 70 (D.C. Cir. 1984), the D.C. Circuit provided "useful guidance" for

assessing claims of unreasonable agency delay, noting the following considerations:

> (1)  the time agencies take to make decisions must be governed by a rule of reason;
>
> (2)  where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;
>
> (3)  delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;
>
> (4)  the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;
>
> (5)  the court should also take into account the nature and extent of the interests prejudiced by delay; and
>
> (6)  the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* at 80 (citations omitted).  Courts in this jurisdiction have applied these so-called "*TRAC*

factors" in numerous cases involving the delayed processing of visas.  *See, e.g.*, *Palakuru v.

Renaud*, 521 F. Supp. 3d 46, 49 (D.D.C. 2021) (applying *TRAC* factors at motion-to-dismiss

stage to determine if an employment-based immigrant visa application was unreasonably

delayed); *see also Sarlak v. Pompeo*, No. 20-cv-35, 2020 WL 3082018, at *5 (D.D.C. June 10,

2020) (same) (collecting cases).  Here, application of the *TRAC* factors leads the Court to conclude that the delay in processing Khushnood's visa is not unreasonable as a matter of law.

    1.   *TRAC* Factors One and Two

        The first two *TRAC* factors — focusing on the reasonableness of the delay and whether Congress has set a timeline for completion of the action in question — favor Defendants. Congress has not set any statutory deadline or timeframe for the processing of visas; "[t]o the contrary, Congress has given agencies wide discretion in the area of immigration processing." *Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State*, 104 F.3d 1349, 1353 (D.C. Cir. 1997); *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017).  Congress granted the State Department the authority to process visa applications in broad terms, specifically omitting "substantive standards against which the Secretary's determination could be measured." *Legal Assistance for Vietnamese Asylum Seekers*, 104 F.3d at 1353; *see* 8 U.S.C. § 1202.

        In cases like this where there is no "congressionally supplied yardstick, courts typically turn to case law as a guide." *Sarlak*, 2020 WL 3082018, at *6.  While there is no bright-line rule in this realm, "[d]istrict courts have generally found that immigration delays in excess of five, six, seven years are unreasonable, while those between three to five years are often not unreasonable." *Id.* (citation omitted) (collecting cases).  Indeed, many courts have "declined to find a two-year period to be unreasonable as a matter of law," particularly when the agency has given a reasonable explanation for the delay and "regularly revisit[s] the question" of whether they can proceed with visa processing. *Ghadami v. Dep't of Homeland Sec.*, No. 19-cv-397, 2020 WL 1308376, at *8 (D.D.C. Mar. 19, 2020) (collecting cases); *Skalka*, 246 F. Supp. 3d at 154 (collecting cases).

In this case, the relevant period of delay is approximately eighteen months — calculated from the earliest possible time that Khushnood's interview could have been scheduled.  Although Khushnood's employer filed his initial visa petition in January 2020, *see* Compl., ¶ 12, Khushnood does not challenge the initial steps that Defendants took to process the visa.  Rather, Khushnood seeks to compel the State Department to conduct his final interview, and any delay should be measured from the time when the interview could have been scheduled, *i.e.*, when USCIS approved Khushnood's petition and forwarded it to the NVC on February 4, 2020.  *Id.*, ¶ 17; Def. Mot. at 1.  The delay between that last government action and the filing of this suit was approximately eighteen months.[3]

Although Plaintiff relies on several cases to support his argument that this eighteen-month delay is unreasonable, he cites only out-of-circuit opinions that predate the COVID-19 pandemic.  *See* Pl. Opp. at 9–10.  Khushnood has ignored the chorus of cases from this jurisdiction that have found visa delays greater than eighteen months reasonable, given the impact of the pandemic.  *See, e.g.*, *Mahmood v. Dep't of Homeland Sec.*, No. 21-cv-1262, 2021 WL 5998385, at *2 (D.D.C. Dec. 20, 2021); *see also Ghadami*, 2020 WL 1308376, at *8 (collecting cases).  As another court in this District recently held, "[i]ssues like a pandemic and local government restrictions are out of the control of the Government and are justifications for delay that the Court is ill-equipped to second guess."  *Dastagir v. Blinken*, No. 1:20-cv-02286, 2021 WL 2894645, at *5 (D.D.C. July 9, 2021).

---

[3]     The Court acknowledges that more time has passed since Plaintiff filed this case.  Khushnood has now waited approximately two years for the State Department to schedule his interview.  But even a two-year delay does not constitute an unreasonable delay under the applicable case law.  *Ghadami*, 2020 WL 1308376, at *8 (collecting cases where courts have declined to find a two-year delay unreasonable).

Defendants attribute the delay in processing Khushnood's visa petition to the "substantial backlogs" caused by "the 'Secretary of State's decision to reduce consular processing [in order to] protect the health of consular officers and the public' in light of the COVID-19 pandemic." *See* Def. Mot. at 11 (quoting *Tate v. Pompeo*, 513 F. Supp. 3d 132, 149 (D.D.C. 2021) (quoting agency declaration)) (alterations in original). The COVID-19 pandemic "significantly disrupted the State Department's ability to interview applicants and issue visas on a worldwide basis." *See id.* at 3. Under the conditions of a global pandemic, an eighteen-month delay is not "so egregious as to warrant mandamus." *In re Core Commc'ns., Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (quoting *TRAC*, 750 F.2d at 79). Given the complications of the pandemic and the fact that eighteen-month delays are routinely found to be reasonable, the Court finds that the first two *TRAC* factors weigh in favor Defendants. *See, e.g.*, *Mahmood*, 2021 WL 2894645, at *2.

### 2. *TRAC* Factors Three and Five

The third and fifth *TRAC* factors also favor Defendants. These factors "overlap," as the effects of delay on "human health and welfare" and "the interests prejudiced by delay" share commonalities. *See TRAC*, 750 F.2d at 80. "Welfare" generally involves a "significant risk of material impairment," where there is current and actual danger to the health of the individual and "the health of their progeny." *Cf. In re United Mine Workers Intern. Union*, 190 F.3d 545, 563 (D.C. Cir. 1999) (assessing welfare by examining whether the regulatory scheme was "negatively impacting a significant risk of material impairment"); *see also Oil, Chemical and Atomic Workers Intern. Union v. Zegeer*, 768 F.2d 1480, 1487–88 (D.C. Cir. 1985) (discussing "human life and health" when examining the third *TRAC* factor). Merely stating that a delay will negatively impact the life of the applicant and put "the lives of his family members on hold" is

insufficient.  *Palakuru*, 521 F. Supp. 3d at 53 (finding the third and fifth *TRAC* factor weighed in favor of defendants when plaintiff asserted only that the delay put "his life 'and the lives of his family members . . . on hold"); *see also Hulli v. Mayorkas*, No. 21-cv-902, 2021 WL 2843203, at *5 (D.D.C. June 29, 2021) (finding the third and fifth *TRAC* factors to favor defendants when the plaintiff alleged that the delay caused him and his family "significant financial, economic, and personal hardships" after investing their life savings).

Here, Khushnood alleges that the start of his employment has been delayed; and as a result, he has been "irrevocably harmed . . . by [the] stalling of his professional career."  Compl., ¶ 34; *see also* Pl. Opp. at 11 (stating the "length of the delay has harmed [Plaintiff] and his family").  While Khushnood's situation is unfortunate, the prejudice to him appears to be financial, and he does not allege any effects on his health or physical welfare.  While Khushnood also states that the delay "has harmed him and his family," he does not elaborate on this contention.  *See* Pl. Opp. at 11.  By contrast, Defendants represent that the delay in processing visas worldwide, including Khushnood's visa, is attributable to the government's efforts to protect the health and safety of consular and diplomatic officials during the COVID-19 pandemic.  *See* Def. Mot. at 15.  Therefore, the third and fifth *TRAC* factors weigh in favor of Defendants.

3.  <u>*TRAC* Factor Four</u>

The fourth *TRAC* factor requires an assessment of the impact that expediting the delayed action would have on other agency priorities — a consideration that firmly tips the scales toward Defendants.  The D.C. Circuit has held that court intervention is unwarranted where "a judicial order putting [the petitioner] at the head of the queue [would] simply move[] all others back one

space and produce[] no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336

F.3d 1094, 1100 (D.C. Cir. 2003) (quoting *In re Barr Labs., Inc.*, 930 F.2d 72, 75 (D.C. Cir.

1991)).  Judicial intervention would create just that scenario here.  Although Khushnood

contends that he should not be individually penalized for delays caused by the pandemic, the

relief he requests "would simply 'reorder' a queue of applicants seeking adjudication," *Tate*, 513

F. Supp. 3d at 149, during a time of "competing priorities for limited resources," *Mashpee

Wampanoag Tribal Council*, 336 F.3d at 1101.  Indeed, other applicants in the queue may face

even more significant hardships due to the State Department's delays, and there is no net gain in

prioritizing Khushnood at their expense.  As noted, the contrary authorities on which Khushnood

relies are out-of-circuit opinions that do not consider the unique hardships caused by the

pandemic.  *See* Pl. Opp. at 10–11.  Accordingly, the fourth *TRAC* factor heavily favors

Defendants.

   4.   *TRAC* Factor Six

   The last *TRAC* factor favors neither party.  Khushnood does not allege any impropriety in

the government's actions beyond the delay itself, and the D.C. Circuit has instructed that a "court

need not find any impropriety" to find a delay to be unreasonable.  *TRAC*, 750 F.2d at 80.

Khushnood's lack of such allegations "does not count against [him] here."  *Ghadami*, 2020 WL

1308376, at *9.

   Considering all six *TRAC* factors together, the Court concludes that Khushnood has not

stated a claim of unreasonable delay under the APA.  Under the present circumstances,

Defendants' interest in balancing agency priorities outweighs Khushnood's interest in promptly

entering the country to work.  *See Sarlak*, 2020 WL 3082018, at *6.  Even treating all of

Khushnood's allegations as true and drawing all inferences in his favor, the Court cannot find

that a delay of eighteen months in scheduling a visa interview is unreasonable, particularly

during a global pandemic.  Khushnood's APA claim, therefore, must be dismissed.

### C.    Due Process Claim

In his Complaint, Khushnood asserts his right to "fundamental fairness in administrative

adjudication" that allegedly has been violated by Defendants' delay and failure "to provide a

reasonable and just framework of adjudication."  *See* Compl., ¶¶ 31–32.[4]  Defendants argue that

Khushnood fails to state a constitutional claim under the Due Process Clause of the Fifth

Amendment.  *See* Def. Mot. at 16.  The Court agrees with Defendants.

Plaintiff cites no authority that confers a constitutional right on a Canadian resident and

Pakistani citizen who seeks authorization to enter the United States to pursue an employment

opportunity.  To the contrary, the Supreme Court "long ago held that Congress is entitled to set

the conditions for [a noncitizen's] lawful entry into this country and that, as a result, [a

noncitizen] at the threshold of initial entry cannot claim any greater rights under the Due Process

Clause." *Dep't of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1982 (2020) (citing

*Nishimura Ekiu v. United States*, 142 U.S. 651, 660 (1892)).  In short, "the only procedural rights

of [a noncitizen] seeking to enter the country are those conferred by statute," *id*. at 1977;

executive and administrative decisions regarding a noncitizen's entry into the United States that

are made within the powers "expressly conferred by Congress" are themselves considered to be

---

[4]    Khushnood did not specify in his initial Complaint whether he was alleging a substantive or a procedural
due process claim.  *See generally* Compl.  After Defendants addressed both in their Motion to Dismiss, Khushnood
discussed only the procedural due process claim in his Opposition.  *See* Pl. Opp. at 11–12.  Because Khushnood did
not address the substantive due process claim in his Opposition, the Court will treat Defendants' arguments
regarding that claim as conceded.  *See New Vision Photography Program, Inc. v. District of Columbia*, 54 F. Supp.
3d 12, 24 (D.D.C. 2014) (treating claims "Plaintiffs never addressed" as conceded).

"due process of law." *Nishimura Ekiu*, 142 U.S. at 660.  The Supreme Court has repeatedly

upheld such decisions and has underscored this fundamental principle of immigration law.

*Thuraissigiam*, 140 S. Ct. at 1982; *see also, e.g.*, *United States ex rel. Knauff v. Shaughnessy*,

338 U.S. 537, 544 (1950) ("Whatever the procedure authorized by Congress is, it is due process

as far as a[ noncitizen] denied entry is concerned"); *Shaughnessy v. United States ex rel. Mezei*,

345 U.S. 206, 212 (1953) (same); *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("This Court has

long held that a[ noncitizen] seeking initial admission to the United States requests a privilege

and has no constitutional rights regarding his application, for the power to admit or exclude

[noncitizens] is a sovereign prerogative").

Here, Khushnood is a noncitizen who does not reside in the United States and merely

seeks a visa to work in this country.  He has availed himself of the statutory process to obtain the

desired visa, and the Court has determined, *supra*, that the delay about which he complains is not

unreasonable as a matter of law.  Khushnood thus fails to state a cognizable constitutional claim;

and that claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss.  A separate

Order will issue this day.

_____
FLORENCE Y. PAN
United States District Judge

Date:   February 10, 2022

13